UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LARRY MOGER,

    Petitioner,

vs.                                   Case No. 2:10-cv-472-FtM-99SPC

MONICA DAVIS, Chairperson Florida Parole Commission, FLORIDA ATTORNEY GENERAL, and FLORIDA PAROLE COMMISSION

    Respondents.

_____

**<u>OPINION AND ORDER</u>**

**I.**

Petitioner Larry Moger (hereinafter "Petitioner"), who is proceeding *pro se*, initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #1) pursuant to 28 U.S.C. § 2241 on July 30, 2010.[1] Because the initial Petition did not contain significant facts concerning the location and dates of Petitioner's conviction and parole revocation, the Court directed Petitioner to file an Amended Petition. See Doc. #6. Petitioner is proceeding on his Amended Petition (Doc. #7, Amended Petition) that raises

---

[1] The Petition (Doc. #1) was filed in this Court on July 30, 2010; however, the Petition is considered filed when delivered to prison authorities for mailing and, absent evidence to the contrary, is assumed to be the date the inmate signed the document (July 27, 2010). <u>Washington v. United States</u>, 243 F.3d 1299, 1301 (11th Cir. 2001). If applicable, the Court will also give Petitioner the benefit of the mailbox rule with respect to his state court filings when calculating the one-year limitations period under 28 U.S.C. § 2244(d).

four grounds for relief challenging the Florida Parole Commission's (hereinafter "Parole Commission") February 2006 decision to suspend his presumptive parole release date (hereinafter "PPRD").[2]

In compliance with the Court's Order (Doc. #9), Respondent filed a Response to the Petition for Writ of Habeas Corpus (Doc. #10, Response).[3] Respondent submitted numerous exhibits (Doc. #10-1-#10-2, Exhs A-L) supporting the Response. Petitioner filed a Reply to the Response (Doc. #11, Reply). This case is ripe for review.

## II.

On October 1, 1971 Petitioner was convicted of first degree murder for the murder of his ex-wife and sentenced to life in prison. Response at 2; Exh. A at 1. Petitioner was paroled on August 4, 1981. Response at 2; Exh. B. In October 1985, the Parole Commission received reports that Petitioner violated his parole. Response at 2; Exh. B. The Parole Commission held a probable cause hearing. Upon conclusion of the hearing, the Parole

---

[2]The Petition challenging the Florida Parole Commission's decision is properly filed pursuant to 28 U.S.C. § 2241 and § 2254. Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004). To the extent this Petition is filed pursuant to § 2241, this Court is the proper due to Petitioner's incarceration at Desoto Correctional Institution when he initiated the action. Amended Petition at 1.

[3]The Court notes Respondent appears to have filed a Response to the initial Petition, instead of the Amended Petition. See generally Response (addressing only two grounds for relief). Because the Court finds the action is time-barred, the Court will not direct Respondents to file a supplemental Response.

Commission found probable cause that Petitioner violated his parole and recommitted him to the custody of the Secretary of the Department of Corrections.[4] Response at 2; Exh. D. On March 4, 1987, the Parole Commission found Petitioner violated his parole when he:

> Violated Condition 4 by using an intoxicant to excess in that at diverse times while on parole, he did use an intoxicant to excess, to-wit: Alcohol.
>
> Violated Condition 7 by carrying a weapon without first securing the consent of his Parole Supervisor in that on or about August 1, 1984 he did carry a weapon, to-wit: Pistol
>
> Violated Condition 8 by failing to live and remain at liberty without violating the law as evidenced by his conviction on January 22, 1986 in the County Court of Dade County, Florida for Battery, Case #85-69305 being sentenced to 30 days time served this behavior occurring during his parole term.
>
> Violated Condition 8 by failing to live and remain at liberty without violating the law in that on or about July 8, 1984 in Dade County, Florida he did unlawfully commit a battery upon Bonnie Moger by striking her with his hands.

Exh. E at 2.

On January 31, 2006, the Parole Commission held Petitioner's parole interview to determine whether Petitioner would keep April 30, 2006 as his PPRD. Exh. F at 2, 8-9. On February 2, 2006, the Parole Commission issued a written decision suspending Petitioner's

---

[4] Petitioner's violations of parole included *inter alia*: traveling out-of-state, smoking marijuana, using alcohol to excess, possession of a weapon, issuing worthless checks, committing battery (convicted in case number), and violating restraining orders. Exh. D at 12.

PPRD. Id. Petitioner had another interview on March 8, 2006, and his file was redocketed for extracrdinary review to occur on April 5, 2006. Exh. F at 5. On April 5, 2006, the Parole Commission held a meeting and determined that Petitioner's PPRD would remain suspended. Id. at 6. The PPRD remains suspended in the Parole Commission's most recent actions on December 29, 2010. Exh. G.

Respondents submit that the first time Petitioner challenged the revocation of his parole was on March 25, 2008, when he filed a petition for writ of habeas corpus in the Second Judicial Circuit. Exh. H. The Second Judicial Circuit Court construed the pleading to be a petition for extraordinary relief, Exh. H at 22-23, and entered an order dismissing the petition as time-barred, or in the alternative denying relief on the merits. Exh. I. The appellate court affirmed the trial court's decision, finding the petition time-barred. Exh. J. On March 8, 2010, the Florida Supreme Court declined to exercise jurisdiction. Exh. K. On July 27, 2010, Petitioner initiated the action *sub judice*. See docket.

### III.

Respondent argues that the instant Petition is time-barred. Response at 3-4. Respondent submits that the facts giving rise to the challenge occurred on April 5, 2006, when the Parole Commission suspended Petitioner's PPRD. Id. at 4 (citing Exh. F). Respondent further points out that Petitioner delayed filing his first state court action challenging the Parole Commission's decision until

almost 2 years later on March 25, 2008. Id. Because this state court pleading was untimely, Respondent submits that even this state action would not have tolled the AEDPA statute of limitations. Id.

Under AEDPA, federal habeas petitions are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d). In pertinent part 28 U.S.C. § 2244 (d) states:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The Court finds the Petition is time-barred. The date Petitioner became aware of the factual predicate giving rise to his claims was, at the latest, the date the Parole Commission suspended his PPRD on April 5, 2006. Exh. F at 6. Petitioner did not file any state court action challenging the Parole Commission's April 5, 2006 decision until March 25, 2008, when he filed a petition for an extraordinary writ. Consequently, Petitioner's time for filing the federal Petition expired prior to him filing his State petition. This proceeding had no tolling effect because "[o]nce the AEDPA's limitations period expires, it cannot be reinitiated." Davis v. McDonough, No. 8:03-CV-1807-T-27TBM, 2006 WL 2801986, *4 (M.D. Fla. Sept. 27, 2006)(citing Tinker v. Moore, 255 F.3d 1331, 1333-34 (11th Cir. 2001), cert. denied, 534 U.S. 1144 (2002)). The Court need not determine whether the State petition was properly filed because a collateral motion "filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2001). Nevertheless, the State court also dismissed the State petition as time-barred. Exh. I.

Further, Petitioner has not articulated any justifiable reason why the dictates of the one-year limitations period should not be imposed upon him. Equitable tolling is appropriate when a petitioner shows that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way that prevented timely filing. <u>Melson v. Commissioner, Ala. Dep't of Corr.</u>, ___ F.3d ___, 2010 WL 1346774 *3 (11th Cir. 2013); <u>see also</u> <u>Johnson v. United States</u>, 340 F.3d 1219, 1266 (11th Cir. 2003) (citations omitted), <u>aff'd</u>, 544 U.S. 295 (2005). The Eleventh Circuit has emphasized, however, that equitable tolling applies "only in truly extraordinary circumstances" and "is typically applied sparingly." <u>Johnson</u>, 340 F.3d at 1266 (citations omitted); <u>Wade v. Battle</u>, 379 F.3d 1254, 1265 (11th Cir. 2004)(citations omitted). Clearly, the burden is on Petitioner to make a showing of extraordinary circumstances that are both beyond his control and unavoidable even with diligence, and this high hurdle will not be surmounted easily. <u>Howell v. Crosby</u>, 415 F.3d 1250 (11th Cir. 2005), <u>cert. denied</u>, 126 S. Ct. 1059 (2006); <u>Wade</u>, 379 F.3d at 1265 (citation omitted). Petitioner has made no such showing. Therefore, the Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

ACCORDINGLY, it is hereby

**ORDERED:**

1.  The Amended Petition is **DISMISSED with prejudice** pursuant to § 2244(d).

2.  The Clerk of Court shall terminate any pending motions/deadlines, enter judgment accordingly, and close this case.

**DONE AND ORDERED** in Orlando, Florida, on this 29 day of April, 2013.

```
                    G. KENDALL SHARP
              SENIOR UNITED STATES DISTRICT JUDGE
```

SA: alj
Copies: All Parties of Record